IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JUANELL WYCKOFF,

      Plaintiff,

vs.                                                                                   Civ. No. 04-1194 MV/RLP


BOSTON SCIENTIFIC CORPORATION,

      Defendant.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand and Motion for Sanctions, **[Doc. 3]**, filed on October 28, 2004. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well taken in part and will be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

On July 26, 2002, in Bernalillo County's Second Judicial District Court, Juanell Wyckoff ("Plaintiff") filed a Complaint against Boston Scientific Corporation ("Boston Scientific") and St. Joseph Healthcare System ("St. Joseph's") for products liability based on a defective "Rotablator" device. Plaintiff alleges that during a rotational atherectomy operation, the tip of the "Rotablator" -- supplied by Boston Scientific to St. Joseph's and subsequently purchased by Plaintiff -- broke off and lodged in her heart. As a result, Plaintiff suffered a heart attack requiring emergency bypass surgery. Plaintiff argues that Boston Scientific and St. Joseph Healthcare were both in the Rotablator's chain of distribution and therefore should be held strictly liable.

On January 23, 2003, Boston Scientific removed the action to this Court on the grounds

that Plaintiff fraudulently joined St. Joseph's to defeat diversity jurisdiction.[1]  On May 6, 2003, the Court remanded the case to the Second Judicial District Court, stating as follows:

> In the present case, Defendant Boston Scientific asserts fraudulent joinder of St. Joseph's Healthcare based on a New Mexico Court of Appeals case holding that strict products liability cannot be imposed upon hospitals for defectively designing medical products selected by treating physicians. *Parker v. St. Vincent Hosp*., 122 N.M. 39, 45, 919 P.2d 1104, 1110 (N.M. Ct. App. 1996).  Upon review of New Mexico case law, the Court cannot find another case concerning this issue.  As Plaintiff seems to suggest, the holding is narrowed to defective devices selected by treating physicians.  Currently, however, there is nothing before the Court regarding the selection of the allegedly defective device at issue.  The Court thus concludes that a state court is better suited to determine whether Plaintiff may state a cause of action against St. Joseph Healthcare.

The Court did not make a definitive finding as to whether Plaintiff fraudulently joined St. Joseph's Healthcare.

After Judge Conway issued his opinion, Plaintiff traveled to Rochester, New York to take a deposition from her treating physician, Dr. David Nevins.  At the deposition, Dr. Nevins stated that he couldn't remember the "specific details" about how the Rotablator device got to St. Joseph's. *See* Def. Exh. A at 57:17-22.  Upon further questioning by counsel for Boston Scientific, Dr. Nevins stated that he wasn't sure "if the representative from Boston Scientific approached the Healthcare and they agreed to get it so I used it or if I approached the Healthcare or if I approached the Boston Scientific representative."  Pltf. Resp. Exh. 1 at 59:20-25.  Plaintiff attaches a purchase order to her reply brief which indicates that St. Joseph's purchased the Rotablator device from Boston Scientific

---

[1] Plaintiff is a resident of New Mexico.  Boston Scientific is a Delaware corporation with its primary place of business in Massachusetts.  St. Joseph's is a non-profit hospital operating in Albuquerque, New Mexico.  Plaintiff's original Complaint named St. Joseph's as a defendant.  Thus, absent fraudulent joinder, Plaintiff's case was not removable originally because there was not complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332.

directly.  *See* Pltf. Resp. Exh. 2.

On October 14, 2004, the parties stipulated to an order granting summary judgment for St. Joseph's on the products liability claim.  In the order, the parties agreed that:  (1) there is no evidence in the record to prove that the product which is the subject of this case was selected for use by the Plaintiff's treating physician;[2] (2) there is no evidence in the record to prove that any employee or agent of Defendant St. Joseph Healthcare System altered or otherwise modified the product in any way; and (3) there are no genuine issues of material fact with respect to the claims against Defendant St. Joseph Healthcare System.  *See* Def. Exh. C.  Plaintiff states that she stipulated to the entry of summary judgment because she "agreed that the evidence and record was not sufficient so that Plaintiff would meet her burden of proof" as to whether the Rotablator was selected for use by Dr. Nevins.  After the stipulated order of summary judgment, Boston Scientific again removed the case to this Court.

## DISCUSSION

Plaintiff now seeks to remand the instant case back to the state court, arguing that "Defendant has raised the same arguments of the alleged fraudulent joinder of former Defendant St. Joseph Healthcare System which it raised before this Court over a year ago when it first removed the case." Pltf. Mtn. at 1.  Plaintiff states that this is "fraudulent and in bad faith."  *Id*.  Plaintiff further argues that Boston Scientific's removal is improper because it occurred more than one year after Plaintiff filed her Complaint, in violation of 28 U.S.C. § 1446(b).  In turn, Boston Scientific argues that the one-year limitation set forth in § 1446(b) is not applicable here.

---

[2] It appears from the order that only Plaintiff and St. Joseph's agreed on this particular issue.

**I.      Removal Pursuant to 28 U.S.C. § 1446(b)**

The relevant removal procedure is set forth in 28 U.S.C. § 1446.  As is relevant to the instant case, the statute reads as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading, setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one from which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

"[T]here is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Furthermore, removal statutes are to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-9 (1941) ("Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation."). Section 1446(b) provides that a case may not be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action."  Boston Scientific argues that because Plaintiff fraudulently joined St. Joseph Healthcare, the case originally was removable and the one-year limitation set forth in § 1446(b) is not applicable. *See* Def. Resp. at 5 (citing *Cofer v. Horsehead Research &*

*Dev. Co.*, 805 F.Supp. 541, 544 (E.D. Tenn. 1991) (a fraudulent joinder case is to be treated as if it was a diversity case from its commencement)). To properly assess this argument, the Court first must determine if Plaintiff fraudulently joined St. Joseph's.[3]

### A. Was St. Joseph Healthcare Fraudulently Joined?

It is well-established that the right of removal cannot be defeated by the "fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The burden of proving fraudulent joinder rests with the defendant and, as Judge Conway noted in his previous Memorandum Opinion and Order remanding this case to state court, that burden is a heavy one. Fraudulent joinder exists – regardless of a plaintiff's motives – when "there is no possibility that [the plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592 at *1-2 (10th Cir. 2000) (citations and quotations omitted).[4] In evaluating fraudulent joinder claims, the Court must "initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party." *Id.* Then, the court must "determine whether that party has any possibility of recovery against the party whose joinder is questioned." *Id.*

Plaintiff alleged a products liability claim against St. Joseph's. Under New Mexico law, the doctrine of strict liability applies to defectively designed products. *See Brooks v. Beech Aircraft Corp.*,

---

[3] Neither Judge Conway nor the state court made a finding as to whether Plaintiff fraudulently joined St. Joseph's.

[4] The court recognizes that pursuant to 10TH CIR. R. 36.3(B), citation to unpublished decisions is disfavored. The Tenth Circuit, however, has not clearly set forth the evidentiary standard applicable to fraudulent joinder claims in previous published opinions. Furthermore, the court's analysis in *Montano* has persuasive value with respect to this issue and it assists this court in the disposition of the pending motion. *See* 10TH CIR. R. 36.3(B)(1)-(2) (explaining that unpublished decisions may be cited if they have persuasive value with respect to a material issue not addressed in a published opinion and it would assist the court in its disposition).

120 N.M. 372, 383, 902 P.2d 54, 65 (1995). Liability can be assessed on a manufacturer, as well as all others in the chain of distribution. *See Stang v. Hertz Corp.*, 83 N.M. 730, 733, 497 P.2d 732, 735 (1972). In *Parker v. St. Vincent Hospital*, the New Mexico Court of Appeals concluded that holding hospitals strictly liable for defectively designed medical products selected by treating physicians was not appropriate. 122 N.M. 39, 45, 919 P.2d 1104, 1110 (N.M. Ct. App. 1996). This holding is limited, however, and the case does not appear to preclude strict liability for a defective product selected by a hospital.

Relying on the New Mexico Court of Appeals decision in *Parker*, Boston Scientific argues that Plaintiff "never had a factual basis for her claims against" St. Joseph's. Def. Mtn. at 6. Plaintiff further argues as follows:

> In filing its complaint against St. Joseph and in seeking remand when Boston Scientific originally removed this case, plaintiff implicitly took the position that she had some basis to contend that St. Joseph selected the device used in plaintiff's rotational atherectomy procedure. Plaintiff still contends that there is "no evidence in the record to prove that the product which is the subject of this case was selected for use by the Plaintiff's treating physician." ... But *now* – after the potential one-year limit on removal has passed and despite insisting that no evidence exists with regard to selection of the device – plaintiff has agreed to St. Joseph's dismissal. Thus, plaintiff has made clear her true intentions with regard to St. Joseph.

*Id*. (emphasis in original). On the other hand, Plaintiff argues that she "need not have a winning case against the allegedly fraudulent defendant. The plaintiff only needs to have a possibility of stating a valid cause of action in order for the joinder to be legitimate." Pltf. Resp. at 2. Because Dr. Nevins testified that he did not know if he ordered the device or if "the representative from Boston Scientific approached the hospital and they agreed to get it," Plaintiff argues that the evidence produced during discovery created "at least an inference that the product was ordered by the hospital, and thus there was a good faith basis" for asserting that St. Joseph's was liable. *Id*. at 2. Further, Plaintiff "could have

asserted a viable claim against the hospital if the proof garnered in discovery had been stronger." *Id*. at 3.

Plaintiff is correct. First, a party need not be able to survive summary judgment for a court to find that a reasonable basis exists for predicting that state law might impose liability on a non-diverse defendant. *See Crowe v. Coleman*, 113 F.3d 1536, 1541-42 (11th Cir. 1997). While Boston Scientific argues that the stipulated summary judgment order necessarily proves Plaintiff's "true intentions,"[5] the Court finds that it does no such thing. In fact, it specifically states that "[t]here is no evidence in the record to prove that the product which is the subject of this case was selected for use by the Plaintiff's treating physician." Thus, at least as far as St. Joseph's and Plaintiff were concerned, there remained a lack of definitive proof regarding the selection of the allegedly defective device after Dr. Nevins' deposition. The Court similarly concludes that the record is ambiguous as to who selected the Rotablator for Plaintiff's surgery. At the deposition, Dr. Nevins stated that he couldn't remember the "specific details" about how the Rotablator device got to St. Joseph's. *See* Def. Exh. A at 57:17-22. Upon further questioning by counsel for Boston Scientific, Dr. Nevins stated that he wasn't sure "if the representative from Boston Scientific approached the Healthcare and they agreed to get it so I used it or if I approached the Healthcare or if I approached the Boston Scientific representative." Pltf. Resp. Exh. 1 at 59:20-25. Without conclusive evidence that Dr. Nevins selected the device, *Parker v. St. Vincent Healthcare* would not have precluded Plaintiff's claim against St. Joseph's. That Plaintiff felt she could not carry her burden of proof is a different issue and does not bear on the Court's fraudulent

---

[5] Boston Scientific makes much of Plaintiff's failure to serve a summons on St. Joseph's registered agent until about seven months after filing her Complaint. Plaintiff's motives, however, are immaterial in a fraudulent joinder analysis. *See Cooper v. Zimmer Holdings, Inc.*, 320 F.Supp.2d 1154, 1157 (D. Kan. 2004) ("Fraudulent joinder is a term of art, it does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant.") (citation omitted).

joinder analysis.

For these reasons, Boston Scientific has failed to prove fraudulent joinder by demonstrating that there is "no possibility" that the plaintiff could have established a cause of action against St. Joseph's in state court. As a result, the Court finds that Plaintiff did not fraudulently join St. Joseph Healthcare. Because Plaintiff did not fraudulently join St. Joseph Healthcare, this case was not removable originally and the one-year time limit on removal set forth in § 1446(b) applies.[6] The Court will remand this case back to state court.

**II.     Sanctions**

Plaintiff has requested attorney's fees and costs incurred in remanding the case to state court. Plaintiff does not cite authority for this request. The Tenth Circuit has recognized that a court may award attorney's fees and costs for responding to vexatious and bad faith litigation. *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1145 (10th Cir. 1990). Boston Scientific removed the case to this Court based on its belief that Plaintiff fraudulently joined St. Joseph Healthcare. Neither Judge Conway nor the state court ever made a determinative finding on this issue before Boston Scientific sought to remove the case a second time. Thus, Plaintiff's statement that Boston Scientific's removal is in bad faith because it is based upon an "identical theory which has already been rejected by this Court," is inaccurate. The Court does not find Boston Scientific's motion to be either frivolous or vexatious. Attorney's fees to compensate the Plaintiff for costs related to filing her motion are not appropriate.

---

[6] Boston Scientific concedes in its Reply Brief that if a case was not originally removable, the one-year time limit set forth in § 1446(b) applies. *See* Def. Resp. at 5.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand and Motion for Sanctions, **[Doc. 3]**, filed on October 28, 2004, is hereby **GRANTED in part** and **DENIED in part**. The Court finds that Plaintiff did not fraudulently join St. Joseph Healthcare. As such, the one-year time limitation for removal set forth in § 1446(b) applies. The Court remands the case to Bernalillo County's Second Judicial District in Albuquerque, New Mexico. The Court declines to award Plaintiff costs or attorney's fees.

**IT IS SO ORDERED**.

Dated this 22nd day of March, 2005.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
James P. Lyle

Attorneys for Defendants:
Alfred L. Green, Jr.
Emily A. Franke